[S. F. No. 2016.   Department Two.—June 14, 1902.]

P.ᵃJ. KENNEDY, Respondent, v. THOMAS MULLIGAN,
Appellant.

DISMISSAL OF ACTION—WANT OF PROSECUTION—VACATING SERVICE OF
SUMMONS—DISCRETION.—A motion to vacate the service of summons
in an action, and to dismiss the action for the want of prosecution,
is addressed to the sound legal discretion of the court, and its refusal
of the motion will not be disturbed upon appeal, where no abuse of
discretion appears.

ID.—ORDER EXTENDING TIME TO PLEAD—WANT OF JURISDICTION—ENTRY
OF DEFAULT.—An order of the court extending time of the moving
party to plead until one day after the decision of the motion, made
more than five months after the service of summons upon him, was
an attempt to extend the time to plead beyond thirty days without
the consent of the plaintiff, and was void, as being beyond the
jurisdiction of the court, and could not preclude the entry of the
default of the defendant pending the time named in such void order.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.  James M. Troutt, Judge,

The facts are stated in the opinion.

Henry E. Highton, for Appellant.

Mullany, Grant & Cushing, for Respondent.

COOPER, C.—Appeal from judgment.  It is claimed by
defendant that the court erred in denying his motion to dis-
miss the action, and in ordering his default entered after
denying the motion.

The action was brought to recover on a judgment, and was
commenced May 29, 1896.

The summons was issued May 22, 1897, and served March
24, 1898.  On April 23, 1898, the defendant gave notice of
motion to vacate and set aside the service of the summons,
and for an order dismissing the action on the ground of
want of diligence in prosecuting the same.  Affidavits were
filed by both parties, and, after various continuances, the
matter was finally submitted, and the court, on August 25,
1898, made the order denying the motion.

We have examined the affidavits used on the hearing, and do not think the court abused its discretion in denying the motion.  These motions are addressed to the sound legal discretion of the court below, and it would require a very plain case of abuse of discretion to justify us in reversing the order.  Certainly the time that elapsed in this case would not show such an abuse of discretion.  The summons was issued within the year and served within less than a year thereafter.  No injury appears to have resulted to defendant, nor was he prevented by the delay from paying the judgment.  Neither was it error for the court to order the defendant's default entered.  More than five months had elapsed since the service of summons upon him.  He had not appeared, except for the purpose of making the motion to dismiss. It is true that he had procured an order from the judge giving him one day to appear and plead after the ruling should be made on his motion.  But this order was an attempt to extend the time to plead beyond thirty days without the consent of the plaintiff, and was therefore beyond the jurisdiction of the court and void.  (Code Civ. Proc., sec. 1054; *Baker* v. *Superior Court,* 71 Cal. 583; *Gibson* v. *Superior Court,* 83 Cal. 643.)

The case of *Willson* v. *Cleaveland,* 30 Cal. 192, is not in conflict with the above cases, although some of the language used in the opinion might lead to a contrary conclusion.  We must hold the remarks of the court outside the facts of the case as *obiter dictum.*  The court in that case had made an order postponing the time for answering until after the decision of certain pending motions.  Notwithstanding the order of the court, the clerk, on the application of the plaintiff, entered the default of defendant.  The default was set aside by the court below, and it was claimed that the court erred in setting aside the default.  It was properly held that the clerk was authorized to enter a default only in cases where the defendant has failed to appear within the time specified in the summons, or within such further time as may have been granted by the court.  And so the rule is now.  (Code Civ. Proc., sec. 585, subd. 1.)  The clerk cannot enter default, except under the express provisions of the statute. In the case at bar the fact that defendant relied upon the order extending his time, if he did rely on it, would have

been an important fact to have urged in the court below,
if defendant had made a motion to set aside the default. But
the fact that he procured such order, and relied upon it, did
not make it valid, if the court went beyond its power in making it.

The judgment should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., Henshaw, J., Temple, J.