BRAY, P. J.
 

 Edward R. FitzSimmons, the real party in interest, appeals from an order issuing peremptory writs of prohibition and mandate ordering the clerk of the Municipal Court for the Oakland-Piedmont Judicial District to enter default in the action hereafter mentioned and the court to desist from further proceedings therein.
 

 
 *69
 
 Question Presented
 

 Are prohibition and mandamus proper remedies where the municipal court attempts to exercise jurisdiction in an action after improper refusal to enter default of defendant and judgment?
 

 Record
 

 December 10, 1956, respondent W. A. Rose Company filed an action in said municipal court against appellant FitzSimmons upon common counts for materials furnished and services rendered. December 12, process was served. December 21, the court made an order extending appellant’s time to plead until January 10, 1957. January 8, an order extending the time to January 31 was made. This order showed that 20 days had previously been granted by order of court, thus making a total extension of 43 days. (Section 1054, Code of Civil Procedure, provides, in effect, that no extension of time exceeding 30 days may be. granted by a judge without the consent of the adverse party.) January 30, appellant, who had been appearing in propria persona, substituted as his attorney an attorney who was a member of the state Legislature. An affidavit of said attorney was filed requesting an extension to 40 days after the adjournment of the Legislature then in session, pursuant to sections 595 and 1054.1, Code of Civil Procedure. January 31, an order granting an extension until 40 days after the adjournment was filed. This order stated that 43 days extension had been granted previously. February 1, respondent filed a request with the court clerk to enter appellant’s default. The clerk did not act on the request. July 12, appellant filed a notice of motion for change of venue, which motion was calendered for August 9. August 1, respondent filed a second request for entry of default and notices of motion to set aside the order extending time made January 8 on the ground that the court exceeded its jurisdiction, and the order of January 31 on the ground that the court was without jurisdiction. August 9, the motion for change of venue and the motions to set aside the orders were continued to August 29. August 19, appellant filed a second notice of motion for change of venue and a demurrer. The motion and hearing of the demurrer were set for August 26. August 22, respondent filed notice of motion to strike the August 19 motion for change of venue. August 23, respondent filed petitions in the superior court of Alameda County for writs of prohibition against respondent municipal court and mandate against that court’s clerk. August 29, the municipal court ordered the
 
 *70
 
 motions for change of venue and to set aside orders extending time dropped from the calendar. September 11, the petition for writs was heard in the superior court and the hearing continued to September 18. No appearance was made for appellant on the latter date. The order for issuance of the peremptory writs was made that day and filed September 30. This appeal is from that order. October 25, the superior court denied appellant’s motion to vacate the order granting the writs, which motion was made on the grounds of surprise, inadvertence, etc. Pursuant to the writs the municipal court vacated the orders of January 8 and 31 extending time and entered default and judgment in favor of respondent and against appellant in the sum of $2,554.62 plus interests and costs.
 

 Jurisdiction
 

 On February 1, when respondent requested the clerk to enter default and judgment, there was no pleading by defendant on file, but there was the January 31 order of the court extending appellant’s time to appear until 40 days after adjournment of the Legislature. Respondent contends that as that order was void, it was entitled then to a default. Appellant contends that the clerk, who may act only ministerially, had no authority to pass upon the sufficiency of the order, and that respondent should have moved to strike that order (as it did later).
 

 As the situation on August 1 hereafter discussed is determinative of this case, even though appellant’s contention concerning the situation on February 1 is correct, we deem it unnecessary to further discuss that contention or the fact that the order extending time of January 8 purported to extend the time beyond the 30-day period.
 

 On August 1, when respondent filed with the clerk its second request for entry of default, the time to appear granted in the January 31 order had expired. The only pleading of defendant on file at that time was appellant’s notice of motion for change of venue, which had been calendered for hearing August 9. No demurrer or answer had been filed, and unless the notice of motion constituted a sufficient appearance under section 585, subdivision 1, Code of Civil Procedure, respondent was entitled to an entry of default. It is appellant’s contention that it did constitute such an appearance. Appellant further contends that if it was not such appearance, appellant appeared by demurrer on August 19 when he filed the second notice of motion for change of venue, and that when the su
 
 *71
 
 perior court on September 18 considered respondent’s application for writs filed September 11, the municipal court had for consideration appellant’s motion for change of venue, demurrer, and respondent’s motion to strike the first motion for change of venue and the orders extending time; hence respondent had a plain, speedy and adequate remedy at law.
 

 Was the filing of the first notice of motion for change of venue on July 12 an appearance ? Section 585, subdivision 1, Code of Civil Procedure, provides that judgment may be had in an action upon contract for the recovery of money if the defendant has been personally served and “no answer or demurrer has been filed with the clerk . . .” or notices there specified, of which a notice of motion for change of venue is not one, within the time specified in the summons or further time granted, and that the clerk must, upon application, enter default and judgment. Section 396b requires that the affidavit of merits and notice of motion for change of venue be filed by the defendant “at the time he answers or demurs . . .” In
 
 Nicholl
 
 v.
 
 Nicholl
 
 (1884), 66 Cal. 36, 37 [4 P. 882], the court said; “The affidavit of merits and demand that the trial be had in the proper county, which were filed before the defendant answered or demurred, were wholly inconsequential. To be of any avail, such affidavit and demand must be filed when the defendant appears and answers, or demurs. (C.C.P. 396.) ” In
 
 Bagley
 
 v.
 
 Cohen,
 
 121 Cal. 604 [53 P. 1117], the defendants moved for a change of place of trial without answering or demurring. Their default and a judgment was entered. The defendants moved to set aside the default claiming mistake in the failure to file a demurrer. The defendants appealed from the judgment and the order refusing to set aside the default. The judgment and order were affirmed.
 

 Thus, the notice of motion did not constitute an appearance preventing the entry of default. Respondent was entitled to such entry and the clerk should have entered it. In so doing, the clerk would not have been, as contended by appellant, performing a judicial function. It would have been purely a ministerial one. Section 585, subdivision 1, requires a default to be entered on application, if there is no demurrer or answer or notice of the character specified in section 585 on file. The clerk merely has to look at the record and see if there is a demurrer or answer or such notice on file. Seeing none, he must enter the default even though there be a notice of motion for change of venue filed.
 

 This situation is entirely different from that in
 
 Bose
 
 v.
 
 *72
 

 Lelande
 
 (1912), 20 Cal.App. 502 [129 P. 599]. There the plaintiff demanded that the court clerk enter the defendant’s default because she contended the defendant’s answer on file did not state a cause of defense. The court held that the clerk properly refused to enter default for the reason that the clerk in determining the sufficiency of the answer would be exercising not a ministerial but a judicial function, which the clerk had no power to do.
 

 The subsequent untimely filings by appellant and motions made by respondent did not affect the duty of the clerk to enter default when requested, nor did they restore the jurisdiction to the court which was lost when default should have been entered. See
 
 Kennedy
 
 v.
 
 Mulligan
 
 (1902), 136 Cal. 556 [69 P. 291], holding that certain proceedings subsequent to the time when the plaintiff was entitled to have default entered did not validate an order extending time which the court had no power to make.
 

 When the matter came before the superior court upon respondent's application for the writs, the matter with which that court was concerned was the record situation on August 1 when respondent was entitled to the entry of default which it requested. The municipal court thereafter lost jurisdiction to do anything but enter the default and judgment.
 

 Appellant contends that the writs were improperly issued because respondent had a plain, speedy and adequate remedy at law, namely, the right to move the municipal court to set aside the orders of January 8 and January 31 and then to appeal from a denial thereof, if made. As we have pointed out, those orders had expired in any event by August 1 when respondent moved for default the second time, so no advantage would be gained by such a motion (although respondent did on August 1 file a motion to set aside said orders and on August 22 a motion to strike the notice of motion for change of venue and demurrer).
 

 Appellant then contends that after respondent’s demand of August 1 for entry of default, the municipal court continued to exercise jurisdiction in the ease by considering appellant’s motions for change of venue, demurrer, respondent’s motions to strike said orders and the appellant’s notice of motion for change of venue and demurrer, and that respondent had an adequate remedy at least in its right to appeal from the order denying respondent’s motion to strike. Appellant then contends that the action of the municipal court was within its jurisdiction and if erroneous, respondent’s only remedy was
 
 *73
 
 appeal, and not an attack by way of prohibition on the court’s jurisdiction.
 

 Appellant cites
 
 Abelleira
 
 v.
 
 District Court of Appeal
 
 (1941), 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715], in support of his contention that the municipal court still retained jurisdiction. The ease does not support his contention. It extensively discusses jurisdiction as a condition for issuance of prohibition, pointing out that when used in considering the availability of prohibition the term " jurisdiction” has a broader meaning than in considering whether a court has power in the fundamental sense, i.e., jurisdiction over subject matter and parties. Contrary to appellant’s contention that the ease supports his theory that the municipal court did not lose jurisdiction to proceed at the expiration of the 30-day period, the court in the Abelleira case quoted from
 
 Rodman
 
 v.
 
 Superior Court,
 
 13 Cal.2d 262 [89 P.2d 109], saying: “ ‘. . . some confusion exists with reference to what constitutes an excess, and what constitutes an error, in the exercise of jurisdiction. However, it seems well settled (and there appears to be no case holding to the contrary) that when a statute authorizes prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction . . .’” (P.290.) It further stated: “Speaking generally, any acts which exceed the defined power of a court in any instance, whether that power be defined by constitutional provision, express statutory declaration, or rules developed by the courts and followed under the doctrine of
 
 stare decisis,
 
 are in excess of jurisdiction, in so far as that term is used to indicate that those acts may be restrained by prohibition . . (P. 291.)
 

 The other cases cited by appellant do not conflict with the above quoted principles.
 
 Estate of Keet
 
 (1940), 15 Cal.2d 328 [100 P.2d 1045], did not involve prohibition or a similar writ. In
 
 Howard
 
 v.
 
 Superior Court
 
 (1944), 25 Cal.2d 784 [154 P.2d 849], the petitioner sought to review a vacating order. The jurisdiction of the court was not attacked but merely the sufficiency of the evidence to support the order. The reviewing court held that this question could be reviewed on appeal and declined to issue certiorari.
 
 Fischer
 
 v.
 
 Superior Court
 
 (1930), 105 Cal.App. 466 [287 P. 556], dealt with an application for writ of prohibition to restrain the superior court from proceeding further in an action for an accounting of the administration of a trust set up by a contract containing an arbitration clause. The reviewing court held that the
 
 *74
 
 trial court had jurisdiction to determine the question of whether the issue involved in the suit was referable to arbitration, and if it should erroneously decide that issue, its action would be reviewable on appeal. Obviously the situation was different from that in our ease.
 

 The adequacy of other remedies is a factual question whose determination lies largely in the discretion of the trial court.
 
 (Rescue Army
 
 v.
 
 Municipal Court
 
 (1946), 28 Cal.2d 460, 466-467 [171 P.2d 8].) On appeal from the decision of that court either granting or denying the writ, its determination will not be disturbed in the absence of a showing of abuse of discretion.
 
 (Ertman
 
 v.
 
 Municipal Court
 
 (1945), 68 Cal.App.2d 143, 149 [155 P.2d 908, 156 P.2d 940].) [5] An order granting or denying a motion to strike a pleading is not appealable.
 
 (Yandell
 
 v.
 
 City of Los Angeles
 
 (1931), 214 Cal. 234 [4 P.2d 947].)
 
 Phelan
 
 v.
 
 Superior Court
 
 (1950), 35 Cal.2d 363 [217 P.2d 951], cited by appellant and dealing with an order after judgment, is not in point. (Code Civ. Proc., § 963.) Under the one final judgment theory this would presumably apply to striking orders of the municipal court. While ordinarily the remedy of appeal, if available, is considered an adequate remedy, the existence of such remedy would, however, not necessarily preclude the issuance of a writ.
 
 (Harden
 
 v.
 
 Superior Court
 
 (1955), 44 Cal.2d 630, 634 [284 P.2d 9].) No hard and fast rules govern all situations.
 
 (Rescue Army
 
 v.
 
 Municipal Court, supra,
 
 28 Cal.2d at p. 467.) Since the municipal court was proceeding with the action in spite of the fact that the court lost jurisdiction when respondent was improperly denied default and judgment, the superior court could have, and undoubtedly did, determine that any appeal remedy was not a speedy or adequate one. In
 
 Golden State Glass Corp.
 
 v.
 
 Superior Court
 
 (1939), 13 Cal.2d 384 [90 P.2d 75], it was held that prohibition was properly allowed where injury might result because of delay, although the remedy by appeal was available.
 

 As to mandamus, the writ may be issued by a superior court to an inferior court or court officer to compel the performance of an act which the law specially enjoins. (Code Civ. Proc., § 1085.) The entry of a default judgment by the clerk is purely a ministerial act. (Code Civ. Proc., § 585;
 
 Baird
 
 v.
 
 Smith
 
 (1932), 216 Cal. 408, 410 [14 P.2d 749].) The entry of a default judgment may be compelled by mandamus.
 
 (Colthurst
 
 v.
 
 Fitzgerald
 
 (1922), 56 Cal.App. 740 [206 P. 471];
 
 California etc. Co.
 
 v.
 
 Superior Court
 
 (1910), 13 Cal. App. 65 [108 P. 882].)
 

 
 *75
 
 The issuance of mandamus depends as does the issuance of prohibition upon the absence of another adequate remedy. (Code Civ. Proe., § 1086.) This involves the discretion of the issuing court.
 
 (Carter
 
 v.
 
 Superior Court
 
 (1950), 96 Cal.App. 2d 388, 393 [215 P.2d 491].) The discussion of the subject of adequate remedy hereinbefore set forth applies equally here. A single writ may not always grant the relief required. A writ of prohibition may issue to prevent a lower court from acting in excess of its jurisdiction and mandamus to compel a mandatory act.
 
 (Caminetti
 
 v.
 
 Superior Court
 
 (1941), 16 Cal.2d 838, 848 [108 P.2d 911];
 
 California Emp. etc. Com.
 
 v.
 
 Municipal Court
 
 (1944), 62 Cal.App.2d 781 [145 P.2d 361].)
 

 The order is affirmed.
 

 Tobriner, J., and Foley, J. pro tem.,
 
 *
 
 concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied February 4, 1960.
 

 *
 

 Assigned by Chairman of Judicial Council.