[Civ. No. 11501.   Third Dist.   Dec. 14, 1966.]

ROBERT D. TODD et al., Petitioners, v. LOLA EVERETT, as County Clerk, etc., et al., Respondents; ASA J. KALFSBEEK, as Executor, etc., Real Party in Interest.

---

Griffin & Krieger and Alfred H. Krieger for Petitioners.

Harold Wilsey, Jr., District Attorney, for Respondent County Clerk.

No appearance for Respondent Court.

Rich, Fuidge, Dawson, Marsh & Morris, Richard H. Fuidge and Chester Morris for Real Party in Interest.

THE COURT.—Petitioners seek by mandamus to compel the clerk of Colusa County to enter the default of defendant in the action of Todd v. Kalfsbeck, Executor, number 12451, in the Superior Court in and for Colusa County and to prohibit that court from taking further proceedings pending a final determination of their petition for a writ of mandate.

The record before us shows: On May 16th petitioners as plaintiffs filed a complaint seeking damages arising out of an automobile accident. The allegedly negligent party in the action was Addie Francis Kalfsbeck, who died after the accident and before the action was brought. The sole defendant (and he was so designated in the complaint) is ''Asa J. Kalfsbeck, Executor of the Last Will of Addie Kalfsbeck, deceased.'' The defendant in his representative capacity (real party in interest herein) was served with summons on May 19, 1966. No responsive pleading was filed within the time allowed by law. (We are told in petitioners' memorandum of points and authorities that real party in interest received several extensions of time orally but did not appear within the time agreed upon. The accuracy of the claim is not germane to this decision—it will be for the trial court if a proceeding for relief from default is brought.) On August 2, 1966, petitioners sent to the clerk for filing (1) the original summons with the return of service as indicated; (2) a request for entry of default. The printed form of request in material

part reads: "To THE CLERK OF SAID COURT: The defendant ASA J. KALFSBEEK having been regularly served with process, and having failed to appear and answer the plaintiff's complaint on file herein, and the time allowed by law for answering having expired, application is hereby made that you enter the default of said defendant, herein according to law."

The clerk did not enter the default as requested. On or about August 11, 1966, an answer was submitted by real party in interest and purportedly filed by the clerk. On August 16, 1966, the clerk returned both the summons and the request for default to petitioners' attorneys advising them that "there is a technicality in the request for default in that it does not agree with the service of the Summons."

Thereafter proceedings were instituted by petitioners for an order by the superior court to strike the answer of defendant as untimely and to cause the clerk to enter defendant's default *nunc pro tunc*. Both motions were denied by the court on September 15, 1966. Real party in interest then moved for a summary judgment. This proceeding followed.

■ In failing to enter the default as requested by petitioner, the clerk violated the duty imposed upon her by Code of Civil Procedure section 585, subdivision 2. In assuming to decide a question of law, namely, whether or not the request for default was defective in not adequately naming the defaulting defendant, the clerk undertook to exercise a judicial function. Her duty, however, was ministerial, not judicial. (*Stevens* v. *Torregano*, 192 Cal.App.2d 105, 112 [13 Cal.Rptr. 604].) The original summons with a return showing service upon defendant in his representative capacity had been submitted for filing (and should have been filed) by the clerk. Seeing no appearance on file, her duty was to enter the default. (*W. A. Rose Co.* v. *Municipal Court,* 176 Cal.App.2d 67, 71 [1 Cal.Rptr. 49].) The clerk's determination was palpably erroneous in any event. Under any commonsense view the request for default was adequate, because there was only one defendant before the court and not the slightest doubt as to the capacity of the defendant whose default was requested. (See *Katleman* v. *First Nat. Bank of Nevada*, 212 Cal.App.2d 520, 522-523 [28 Cal.Rptr. 135].)

■ As indicated by *W. A. Rose Co.* v. *Municipal Court, supra,* 176 Cal.App.2d at page 72, the controlling aspect of the matter is the record situation on the date the petitioners were entitled to the entry of default, that is, the date when the clerk received the default request; at that point the court

lost jurisdiction to receive or file any appearance by the defaulting defendant. Neither the subsequent purported filing of an answer nor petitioner's motion to strike the answer restored the jurisdiction which was lost when the default should have been entered. (*Kennedy* v. *Mulligan,* 136 Cal. 556, 557 [69 P. 291]; *W. A. Rose Co.* v. *Municipal Court, supra,* 176 Cal.App.2d at p. 72.)

It should be stated that lack of jurisdiction to receive and file an appearance after the defendant's default does not affect a court's power to entertain an appropriate proceeding for relief from default. ■ It might also be well to observe that the striking of real party in interest's belated answer will abate the summary judgment motion, because such a motion is dependent upon an answer on file. (Code Civ. Proc., § 437c.)

Let a peremptory writ of mandate issue directing respondent clerk to strike the answer of the defendant (real party in interest herein), to accept the original summons and file it and to enter the said defendant's default.