Filed 1/22/16  Sapan v. Braun CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JONATHAN J. SAPAN, | D067414 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2011-00087692 CU-MC-CTL) |
| CONRAD J. BRAUN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joan M. Lewis, Judge.  Affirmed.

Conrad J. Braun, in pro. per., for Defendant and Appellant.

Law Offices of David C. Beavans, David C. Beavans and John T. Sylvester, for Plaintiff and Respondent.

Conrad J. Braun, a self-represented litigant, appeals from a default judgment in favor of Jonathan J. Sapan.  He contends the trial court erred in denying his motion to set aside the default judgment because he lacked actual notice of the lawsuit and service

upon him was obtained through fraud. We reject Braun's arguments and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2011, Sapan sued Braun and Homeytel, Inc. (Homeytel; together with Braun, Defendants) for Telephone Consumer Protection Act (TCPA) violations, deceptive practices, trespass to chattel, and unfair business practices. Sapan based his claims on allegations that he received prerecorded telemarketing calls on his residential telephone number from Defendants.

Sapan's attorney, Christopher Reichman, hired a process server and investigator to serve Defendants at Homeytel's business office. The process server was unable to effectuate personal or substituted service because Homeytel's office was closed during service attempts. The investigator also tried to personally serve Defendants multiple times at Homeytel's business address, but was unsuccessful. The investigator attempted to locate alternative addresses for Defendants.

Reichman attempted to serve Defendants by sending them, via certified mail, the summons, complaint, and notice and acknowledgment of receipt forms. Reichman sent those items to Defendants at their principal place of business, where Reichman had successfully sent mail before. The certified mail attempts were returned as "[r]efused."

In September 2011, Sapan applied for an order to serve the summons by publication. The trial court granted the application and ordered Sapan to serve Defendants by publication in a newspaper once a week for four weeks. Sapan subsequently served Defendants by publication and filed a certificate of service.

2

In January 2012, Sapan requested entry of default against Defendants, which the clerk of court granted. In June 2012, Sapan requested that the court enter default judgments against Defendants. The court notified Sapan that it was unable to enter default judgment and requested further prove-up information.

In December 2012, Braun moved to set aside the default against him and for leave to defend the action pursuant to Code of Civil Procedure section 473.5. (Undesignated statutory references are to the Code of Civil Procedure.) In support of his motion, Braun stated he became aware of the case on December 26, 2011, and regularly monitored the progress of the case. Braun explained that he "does not accept registered mail from private parties due to TCPA abuse in California courts." Braun was in "no hurry" to answer Sapan's complaint but was curious to see how Sapan would proceed as Sapan's actions strengthened Braun's eventual defense and cross-claim. Braun claimed he was not aware of the difference between a default and default judgment, and as of December 2012, believed default had not been entered.

In February 2013, the trial court denied Braun's motion to set aside the default because Braun admitted that he knew of the action in December 2011, which was a month prior to entry of default. The court concluded Braun failed to demonstrate that service of the summons did not result in actual notice to him in time to defend the action. Lastly, the court found Braun did not bring his motion within a reasonable time.

In June 2013, Sapan requested entry of default judgment against Defendants for the second time. The court again declined to enter judgment by default and outlined the deficiencies in Sapan's prove-up.

3

In January 2014, Braun filed a motion to dismiss for failure to obtain judgment within 45 days of default and to declare the judgment void pursuant to section 473, subdivision (d) as it was procured by fraud. The trial court denied Braun's motion, finding Braun failed to demonstrate relief was appropriate under section 473, subdivision (d), and judgment had not yet been entered.

In December 2014, the court entered default judgment against Defendants in the amount of $30,346.98.

## DISCUSSION

### I. *Motion to Augment*

Braun moved to augment the record on appeal with: (1) his December 2012 motion to set aside the default against him, (2) his answer to the complaint, (3) his cross-complaint, (4) a motion for temporary injunctive relief, (5) his amended motion to set aside the default judgment, (6) a motion for immediate hearing for temporary declaratory relief, and (7) his response to Sapan's opposition to the amended motion to set aside default.

Braun acknowledges that the second, third, fourth, and sixth items on his augment request were not part of the trial court record. "Augmentation does not function to supplement the record with materials not before the trial court." (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.) "[N]ormally 'when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.' " (*Ibid.*) Braun has failed to show exceptional circumstances that would justify deviating from this rule.

4

Accordingly, we deny Braun's request to augment the record with the second, third, fourth and sixth items on his list.

The parties do not dispute that the remaining items in Braun's request to augment (items 1, 5, and 7) were part of the superior court record. After Braun designated his record on appeal, the superior court clerk notified him that these items were not in the file and requested that Braun provide conformed copies. Braun apparently did not provide the superior court with conformed copies. In any event, in the interests of justice and in order to resolve Braun's appeal, we exercise our discretion to augment the record with items 1, 5, and 7 as they were part of the superior court record. (California Rules of Court, Rule 8.155(a)(1)(A).)

## II. *Service*

Braun argues the judgment against him is void because he lacked actual notice of the lawsuit and service upon him was obtained through fraud. He contends Sapan served him "through a criminal extortion letter disguised as a 'demand letter' " and thus the service was fraudulent. We reject these arguments.

A. Actual Notice

Section 473.5, subdivision (a) provides: "When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action." If the court finds the motion was made in a timely manner and the moving defendant's lack of actual notice in time to defend the action was "not caused by his or

5

her avoidance of service or inexcusable neglect, it may set aside the default or default judgment on whatever terms as may be just and allow the party to defend the action." (§ 473.5, subd. (c).) A motion to set aside a default and default judgment is addressed to the sound discretion of the trial court. (*Weitz v. Yankosky* (1966) 63 Cal.2d at p. 854; *Lint v. Chisholm* (1981) 121 Cal.App.3d 615, 619-620.)

In contrast, section 473, subdivision (d), provides that "[t]he court may . . . on motion of either party after notice to the other party, set aside any void judgment or order." "A judgment may be void due to improper service of summons." (*Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 858.) "Whether a judgment is void due to improper service is a question of law that we review de novo." (*Ibid.*)

Preliminarily, we note that in his briefs, Braun discusses at length the merits of Sapan's TCPA claims. Although a default judgment is reviewable on appeal the same as any other civil judgment (*Misic v. Segars* (1995) 37 Cal.App.4th 1149, 1153-1154), a defendant may not contest the merits of the case on appeal from a default judgment. (*Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 823-824 [a default operates as an express admission of well-pleaded factual allegations in the complaint].) Instead, the defendant may contest only whether the court had jurisdiction over the defendant, sufficiency of the pleadings, and whether the relief granted exceeds that sought in the pleadings, or any procedural issues relating to the entry of default, the default judgment and motions for relief from such default. (*Id.* at p. 824; see also *W.A. Rose Co. v. Municipal Court* (1959) 176 Cal.App.2d 67, 71 [entry of default ousts the court of jurisdiction to consider any motion other than a motion for relief from default].)

6

Here, Braun asserts Sapan improperly served him through a demand letter. Braun ignores that the trial court ordered service by publication and that he was served in that manner. Moreover, Braun admitted that he had *actual notice* of Sapan's lawsuit. Specifically, Braun stated that he became aware of the lawsuit in December 2011, approximately one month before the court entered default against him. Rather, than responding to Sapan's complaint, Braun "regularly monitored [the case's] progress with great interest" and was in "no hurry" to respond. Braun wanted to give Sapan "as much rope as possible" because Braun believed Sapan's actions were strengthening Braun's defenses and cross-claims. Braun did not do anything for approximately 11 months after the court entered default against him at which time he requested for the first time that the court set aside the default. Braun's actions were calculated, voluntary and inexcusable.

Additionally, the record indicates that Braun avoided Sapan's attempts to provide Braun with actual notice. Specifically, Sapan attempted to serve Braun numerous times at his business office but was unsuccessful because the office was closed. Sapan also attempted to perfect service by sending Braun the summons, complaint, and notice and acknowledgement of receipt forms via certified mail. However, the certified mail was returned as "refused."

Based on the foregoing, we conclude the trial court did not abuse its discretion in denying Braun's request to set aside the default judgment under section 473.5. Based on our independent review, we also conclude Braun failed to establish that he was entitled to relief under section 473, subdivision (d). Specifically, Braun has not demonstrated that the judgment is void based on improper service of the summons.

7

B. Extrinsic Fraud

Braun also contends service of process was fraudulent because it was made through a demand letter. We reject this argument.

"It is well settled that equity will relieve an injured party from the effect of a judgment procured by extrinsic fraud, mistake or excusable neglect which was not the result of negligence or laches on the part of the complainant." (*Smith v. Busniewski* (1952) 115 Cal.App.2d 124, 127.) "Fraud or mistake is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. . . . A party who has been given proper notice of an action . . . and who has not been prevented from full participation therein, has had an opportunity to present his case to the court . . . ." (*Westphal v. Westphal* (1942) 20 Cal.2d 393, 397.)

Braun's claim is flawed because service of process was obtained through publication, not a demand letter. Further, nowhere does Braun contend that he lacked notice of Sapan's lawsuit or was deprived of the opportunity to defend himself or otherwise participate in the proceedings. Nor could he make such a showing, as the record reveals that he was aware of the lawsuit, regularly monitored its progress, and voluntarily chose not to participate. "A party who has been given proper notice of an action . . . and who has not been prevented from full participation therein, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. . . . Fraud perpetrated under such circumstances is intrinsic,

8

even [if] the unsuccessful party does not avail himself of his opportunity to appear before the court." (*Westphal v. Westphal*, *supra*, 20 Cal.2d at p. 397.)

Because Braun had knowledge of the action and an opportunity to defend himself, but voluntarily chose not to, there was no extrinsic fraud. Thus, Braun was not entitled to equitable relief on that basis. Further, he was not entitled to relief under section 473, subdivision (d), due to allegedly fraudulent service.

## DISPOSITION

The judgment is affirmed. Sapan is entitled to costs on appeal.

McINTYRE, Acting P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.

9