Filed 11/26/25  Paragon Six v. Girgis CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| PARAGON SIX, LLC, et al.,<br><br>  Plaintiffs and Respondents,<br><br>  v.<br><br>RYAN GIRGIS,<br><br>  Defendant and Appellant. | B327441, B337407<br>(Los Angeles County<br>Super. Ct. No. 21LBCV00258) |
| PARAGON SIX, LLC, et al.,<br><br>  Plaintiffs and Respondents,<br><br>  v.<br><br>NADER BASTA,<br><br>  Defendant and Appellant. | B331507<br>(Los Angeles County<br>Super. Ct. No. 21LBCV00258)<br><br>ORDER MODIFYING OPINION (CHANGE IN JUDGMENT) AND DENYING PETITIONS FOR REHEARING |

THE COURT:

  The opinion in the above-entitled matter filed on October 31, 2025 is modified as follows:

  The Disposition on page 17 is deleted and replaced with the following Disposition:

# DISPOSITION

The judgment is vacated. Following remand, the court shall enter a new judgment, identified as a default judgment, against Basta and Girgis only, severally and jointly, awarding $75,000 in compensatory damages, plus postjudgment interest, accruing from the date of the original judgment (October 17, 2022). The judgment shall not award attorney fees or costs, nor any further monetary relief. The court shall award the same injunctive relief as that awarded in the original judgment, except to the extent that it purports to restrict the conduct of any individuals or entities not named in and/or properly served with the complaint, including specifically "Blake Elliott, an individual," "Laura Washington, an individual," "Poker Pendants" and "Smoking Keychains." The court may, consistent with this opinion, include language in the injunction restraining the conduct of Girgis and Basta acting under aliases or fictious business names, and may choose to specifically identify monikers Girgis and Basta may use for this purpose.

The appeals from the postjudgment orders are dismissed as moot.

The parties shall bear their own costs on appeal.

_____

This modification constitutes a change in judgment.

The two petitions for rehearing filed on November 17, 2025 by respondents Paragon Six LLC, et al. (in consolidated case Nos. B327441, B337407 and B331507) are denied.

_____

ROTHSCHILD, P. J.          BENDIX, J.          M, KIM, J.

2

Filed 10/31/25  Paragon Six v. Girgis CA2/1 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| PARAGON SIX, LLC, et al.,<br><br>    Plaintiffs and Respondents,<br><br>    v.<br><br>RYAN GIRGIS,<br><br>    Defendant and Appellant. | B327441 B337407<br><br> (Los Angeles County<br> Super. Ct. No. 21LBCV00258) |
| PARAGON SIX, LLC, et al.,<br><br>    Plaintiffs and Respondents,<br><br>    v.<br><br>NADER BASTA,<br><br>    Defendant and Appellant. | B331507<br><br> (Los Angeles County<br> Super. Ct. No. 21LBCV00258) |

APPEALS from the judgment and orders of the Superior Court of Los Angeles County, Michael P. Vicencia, Judge. Vacated with directions as to the judgment.  Dismissed as to the orders.

Gusdorff Law, Janet Gusdorff; The Law Office of Greg May, Greg May; The Law Office of Stanley Stern and Stanley Stern, for Defendant and Appellant Ryan Girgis.

Zarmi Law and David Zarmi for Defendant and Appellant Nader Basta.

Walker Law, Justin O. Walker, Lorrie A. Walker, Jared A. Veliz; Williams Iagmin, Jon R. Williams; Wallin & Russell and Michael A. Wallin for Plaintiffs and Respondents Paragon Six LLC and Richard Larson.

_____

Defendants Nader Basta and Ryan Girgis (defendants) appeal a judgment against them in the amount of $1,579,280.90 in favor of Paragon Six, LLC and Richard Larson (collectively, Paragon). Defendants argue the judgment is a default judgment awarding more than the complaint requests, thereby exceeding the court's jurisdiction. Paragon disagrees and instead characterizes the judgment as one following a bench trial and thus not subject to the restrictions applicable to default judgments.

We agree with defendants that the court lacked jurisdiction to hold a trial after it entered and declined to set aside the defaults against them. We treat the judgment as a default judgment following a default prove-up hearing. As such, it may not award relief greater than that requested in the appropriate pleadings. We further conclude that the judgment is void to the extent it purports to bind additional individuals not named in and/or served with the complaint.

Accordingly, we vacate the judgment and instruct the court to enter a new one for $75,000, the amount of damages requested in the complaint, and the injunctive relief previously awarded, as against Girgis and Basta only.[1] In issuing a new judgment, the

_____

[1] Defendants do not challenge the judgment's award of injunctive relief.

2

court may also restrain the conduct of Girgis and Basta acting under aliases or fictious business names, and may choose to specifically identify monikers Girgis and Basta may use for this purpose. We dismiss as moot the defendants' appeals from the postjudgment orders.

## FACTUAL BACKGROUND

### A. Lawsuit and Proceedings Leading to Entries of Default Against Basta and Girgis

Paragon sells a product for cleaning marijuana pipes called the "Kush Key." In 2018, Basta worked as an independent contractor for Paragon. In July 2021, Paragon sued Basta, alleging that, both individually and through various fictitious business names and entities, Basta "converted the design of the Kush Key, which design was and is confidential information subject to the terms of the parties' written contract . . . [¶] . . . in particular, . . . by selling knockoff products . . . derived directly from their unlawful conversion and misappropriation . . . on various online marketplaces including, but not limited to, Etsy.com" under various "shops/account names" including "420Keychains"; "AlienPokers"; "SmokerCharms"; "SmokingKeychains"; and "PokerPendants" and "by way of their website at https://smokingkeychains.com/." (Italics omitted.) Paragon alleged causes of action for, inter alia, breach of contract, conversion, and misappropriation of trade secrets.

In addition to Basta, Paragon named as defendants two "entit[ies] of unknown origin and form," "Smoking Keychains," and "Poker Pendants" (capitalization omitted), and does 1 through 50. On August 10, 2021, Etsy responded to a subpoena identifying Girgis as the "owner" of the Etsy "shop" associated with various names, including SmokerKeychains, SmokingKeychains, 420Keychains, and PokerKeychains. Thereafter, in September 2021, Paragon amended the operative

3

complaint substituting Girgis in place of one of the doe defendants.

The operative complaint seeks "damages . . . in excess of $75,000," punitive damages, costs of suit, and attorney fees, as well as "an injunction prohibiting defendants from engaging in the wrongful conduct alleged herein."

On January 5, 2022, "Blake Elliot" of "Smoking Keychains," as a "plaintiff in pro per" filed a motion to quash a subpoena Paragon sent to Google regarding the domain name "Smoking Keychains." (Capitalization omitted.) The motion was unsuccessful, and Google informed Paragon in response to the subpoena that Basta was the owner of the Google account associated with the domain name "Smoking Keychains."

### B.  Entries of Default Against Basta and Girgis

After Paragon's failed attempts to serve Girgis and Basta, the court authorized Paragon to serve them by publication.

On February 18, 2022, Paragon requested, and the court entered, default against Basta. On May 3, 2022, Paragon requested, and the court entered, defaults against "Girgis, Blake Elliott, and Blake Elliott[2] dba 'Smoking Keychains.' "

### C.  Post-Default Filings Under the Names "Blake Elliott" and "Laura Washington"

On July 11, 2022 (after the defaults were entered), "Laura Washington"—a name not identified as a defendant— purporting to be affiliated with Poker Pendants in an unspecified way and providing an address in Tucson, Arizona, filed a general denial. The record does not reflect any further court filings under this name, nor was "Laura Washington" added as a defendant.

---

[2] The operative complaint does not name Blake Elliott as a defendant, however.

On August 5, 2022, "Blake Elliott" sought to vacate the entry of default against him and against "Smoking Keychains." Paragon opposed the motion and the court denied it.

### D.   October 10, 2022 Proceeding and Resulting Judgment

On October 10, 2022, the court held a proceeding, the nature of which is a topic of dispute on appeal.  The proceeding was not transcribed.  The minute order states the court "called [the case] for trial."  The only other substantive details the minute order provides are that:  counsel appeared for Paragon; there were no appearances for any defendant; Richard Larson (of Paragon) testified; "the court order[ed] judgment in favor of [Paragon]" (capitalization omitted); the court ordered Paragon's counsel to prepare and submit the judgment; and Paragon waived notice.

On October 17, 2022, the court entered judgment on all claims in favor of Paragon and against, jointly and severally, "defendants" (capitalization omitted), defined to include, inter alia, Basta and Girgis.[3]  The judgment states all defendants "failed to appear."  The judgment does not vacate any entries of default.

Although the judgment does not allocate an amount for punitive damages, it does state the court found "that defendants,

---

[3] Specifically, the judgment defines "defendants" as: "Nader Basta, an individual (a.k.a 'Nathan Basta'), Nader Basta d.b.a. 'Smoking Keychains,' Nader Basta d.b.a 'Poker Pendants,' Smoking Keychains, Blake Elliott, Blake Elliott d.b.a. 'Smoking Keychains,' Poker Pendants, Laura Washington, Laura Washington d.b.a. 'Poker Pendants,' Ryan Girgis, an individual, Ryan Girgis d.b.a. 'Smoking Keychains,' and Ryan Girgis d.b.a. 'Poker Pendants.' "  As noted, neither Laura Washington nor Blake Elliott has ever been named as a defendant in the complaint, however.

and each of them have acted with malice, oppression, and fraud as contemplated by Civil Code [section] 3294," a section addressing the requirements for a punitive damages award. Immediately following this finding, the judgment awards damages "in favor of . . . [Paragon] and against defendants and each of them, joint and severally, as follows: [¶] Economic Damages: $ 539,380.90 [¶] Non-Economic Damages: $1,000,000.00 [¶] Attorney's Fees: $36,900.00 [¶] Costs: $ 3,000.00[,]" totaling $1,579,280.90. (Capitalization omitted.)

The judgment also includes a "permanent injunction order" (capitalization, boldface and underscoring omitted) against 44 separately listed "persons, entities, and/or shop names," including, inter alia, Girgis and Basta.[4] The injunction further provides that it "expressly and permanently enjoins and restrains any and all changed and/or modified shop names, business names, and/or iterations of th[e] parties identified [t]herein" "to account for the possibility that the [identified parties] may seek to evade the obligations imposed herein by changing the names under which they attempt to do business." Under the terms

---

[4] Specifically, the injunction identifies as "prohibited parties" Basta, Laura Washington, Blake Elliott, and these same names "doing business as" numerous monikers. It also lists several "also known as" names for Nader Basta, including "Blake Elliott." No such "also known as" designations are provided for Laura Washington or Girgis. The injunction further expands the scope of the prohibited parties as follows: "This court order expressly contemplates and is intended to account for the possibility that the prohibited parties may seek to evade the obligations imposed herein by changing the names under which they attempt to do business. For that reason, this court order expressly and permanently enjoins and restrains any and all changed and/or modified shop names, business names, and/or iterations of those parties identified herein." (Capitalization omitted.)

of the permanent injunction, the prohibited parties are not to use any of Paragon's "proprietary information, confidential information, and/or product information," advertise or sell anything on www.smokingkeychains.com or www.etsy.com, or advertise or sell anything "bear[ing] any resemblance whatsoever to [Paragon's Kush Key product, as visually depicted in the judgment]."

### E. Girgis's and Basta's Motions "To Set Aside Default and Default Judgment" and Girgis's Deposition Testimony Offered in Opposition

On October 28, 2022, Girgis filed a motion to set aside the "default and default judgment" against him. (Capitalization omitted.) On November 10, 2022, Basta filed a similar motion. The motions argued that Paragon had not properly served defendants, and that defendants had not received proper notice of the lawsuit or trial.

In response to these motions, the court granted Paragon's motion to take Basta and Girgis's depositions, limited to the issues of notice and service. At his deposition, Girgis admitted to creating and using—at Basta's direction—several aliases to set up online accounts and Etsy "shops" in an effort to expand his and Basta's business. "Blake Elliott" and "Laura Washington" were among the names Girgis chose and created Etsy shops for.

Paragon argued in opposing the motions to set aside that both Basta and Girgis had actual notice of the proceedings, and participated therein by filing documents under false names, specifically Laura Washington and Blake Elliott. To support these contentions, they cited Girgis's deposition testimony.

At a hearing on February 9, 2023, the court denied both motions to set aside. The hearing was not transcribed, and the minute order states only that the court read and considered all

7

papers, heard oral argument, and "[found] [Girgis and Basta] to not be credible."

On February 27, 2023, Girgis and Basta each filed a timely notice of appeal from the October 17, 2022 judgment and the February 9, 2023 postjudgment order denying their respective motions to set aside.

### F.    Girgis's Motion To Void the Judgment

On September 25, 2023, Girgis filed with the trial court a "motion to declare judgment void for lack of jurisdiction." (Capitalization omitted.)  The motion argues the monetary award against him was beyond the court's jurisdiction because the October 10, 2022 proceeding was not a trial but rather a default prove-up hearing that awarded more monetary damages than Code of Civil Procedure section 580[5] gives the court jurisdiction to award following entry of a default.  (See § 580 [limiting monetary awards recoverable pursuant to a default judgment].)

At a January 4, 2024 hearing on Girgis's motion—a hearing that *was* transcribed—the court rejected that the judgment was a default judgment and, on this basis, denied Girgis's motion.  The court instead characterized the October 2022 proceeding as "a trial" at which Girgis "simply failed to appear," and at which "one side put[ ] on their evidence and the court render[ed] judgment."

Girgis filed a notice of appeal from the court's postjudgment order denying his motion to declare the judgment void.  We consolidated Girgis's appeal from that order with Basta's and Girgis's appeals from the judgment and order denying the motions to set aside the defaults.

---

[5] All further statutory references are to the Code of Civil Procedure.

8

### G. Court's Order Amending the January 4, 2024 Order Denying Girgis's Motion To Void the Judgment

On February 13, 2024, the court issued a nunc pro tunc order amending the January 4, 2024 minute order by adding, inter alia, the following language: " 'The [October 2022] judgment is not a default judgment; it is a judgment after bench trial. As the court previously found upon evidence and testimony presented at trial, [Basta and Girgis] filed their answer in this case on July 11, 2022, under the monikers 'Laura Washington' and 'Poker Pendants.' [Basta and Girgis] were given more than 15 days' notice of the October 10, 2022, trial date by way of notice served on [Basta and Girgis's] other moniker, 'Blake Elliott,' as early as April 5, 2022. The court made these findings at trial. [Basta and Girgis] simply failed to appear at trial. That is not a default situation. This is a situation where one side puts on their evidence and the court renders judgment.' " (Capitalization omitted.)

## DISCUSSION

### A. Procedures For and Limits on Default Judgments Under Sections 580 and 585

Section 585 sets forth procedures for obtaining a judgment against a defaulting defendant. Thereunder, when a defendant does not respond to a plaintiff's properly served complaint "within the time specified in the summons, or within further time as may be allowed" (§ 585, subd. (a)), "the plaintiff may seek the entry of default and, thereafter, a default judgment." (*Sass v. Cohen* (2019) 32 Cal.App.5th 1032, 1039-1040 (*Sass*), citing § 585, subds. (a) & (b).) Once a plaintiff files a request for entry of default against such a defendant, however, the court must enter the default. (See § 585, subd. (a) [if no answer or other responsive pleading has been timely filed "the clerk . . . upon written application of the

plaintiff . . . shall enter the default of the defendant," italics added]; *W. A. Rose Co. v. Municipal Court* (1959) 176 Cal.App.2d 67, 71 (*W. A. Rose*).) A plaintiff's filing of a request for default instantaneously cuts off a defendant's "rights to take any further affirmative steps in the litigation until either its default is set aside or a default judgment is entered." (See *Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc.* (1984) 155 Cal.App.3d 381, 385 (*Devlin*).)

Section 580 limits the relief that a plaintiff may recover pursuant to a default judgment. The "primary purpose of [section 580] is to guarantee defaulting parties adequate notice of the maximum judgment that may be assessed against them" if they fail to appear. (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 826 (*Greenup*).) Thereunder, a "default judgment 'cannot exceed' what the plaintiff 'demanded in the [operative] complaint.' (§ 580, subd. (a).) . . . [T]he operative complaint fixes 'a ceiling on recovery,' both in terms of the (1) type of relief and (2) the amount of relief. (*Greenup*[*, supra*, at p.] 824] . . . ; [citations].)" (*Sass, supra*, 32 Cal.App.5th at p. 1040, italics omitted.) Because "a plaintiff is statutorily prohibited from pleading the amount of [punitive damages] relief in her complaint" (*ibid.*; see § 425.10, subd. (b)), however, if she wants such relief, prior to requesting the entry of default, she must serve and file a supplemental pleading identifying the amount of the punitive damages she seeks. (See §§ 425.115, subd. (f) & 585, subd. (a); *Sass, supra*, at p. 1040.) After proper service of a section 425.115 punitive damages statement, if the defendant still fails to respond before default is entered, a resulting default judgment against that defendant may award punitive damages up to the amount set forth in the statement—just as the amount of other types of damages may not exceed what is set forth in the complaint. (See §§ 425.115, 585; *Sass, supra*, at p. 1040; *Dhawan v. Biring* (2015) 241 Cal.App.4th 963, 969 ["[t]he purpose of the statement of damages (under §§ 425.11 or 425.115) is to notify a defendant of the amount of damages sought where the

law prevents the plaintiff from including a specific amount in the complaint"].)  In addition, "a plaintiff seeking an award of attorney fees from a defaulting defendant must request those fees at the time the plaintiff requests entry of default."  (*Garcia v. Politis* (2011) 192 Cal.App.4th 1474, 1480 (*Garcia*).)  A failure to request attorney fees in the complaint and/or to identify the specific amount of fees in the request for entry of default precludes the court from awarding attorney fees as part of a default judgment.

Where, as here, the defendants against whom default was entered received "service of the summons . . . by publication," the court may not immediately enter a default judgment following entry of the default, but must instead hold a default prove-up hearing. (See § 585, subd. (c).)  This means that, after the court enters the default, the plaintiff "may apply to the court for the relief demanded in the complaint; and the court shall hear the evidence offered by the plaintiff, and shall render judgment in the plaintiff's favor for that relief, not exceeding the amount stated in the complaint . . . or in the statement provided for in Section 425.115 [regarding the amount of punitive damages sought], as appears by the evidence to be just."[6]  (§ 585, subd. (c).)

### B. Application To Basta's and Girgis's Arguments

On appeal, both Basta and Girgis argue that, because the court never set aside the defaults against them,[7] we should consider the October 10, 2022 proceeding a default prove-up hearing.  Paragon counters that Basta and Girgis were not in default, because substantial evidence supports the court's factual

---

[6] In personal injury and wrongful death actions, the court's ability to award damages is further limited to the damages amount identified in a statement pursuant to section 425.11.

[7] Neither appellant challenges the court's denial of the motions to set aside the default.

11

findings that they filed an answer under the moniker "Laura Washington" and were participating in the litigation via court filings under other aliases.  According to Paragon, although Basta and Girgis's alias (Laura Washington) filed an answer after the court had entered the defendants' defaults, the answer of the alias was equivalent to the defendants answering.  Defendants then failed to appear for trial, so the court could and did hold a trial in their absence.  But the "entry of a [defendant's] default terminates a defendant's rights to [participate] in the litigation" (*Devlin, supra*, 155 Cal.App.3d at p. 385), and a court lacks jurisdiction to accept filings from such a defendant, unless and until the court sets the default aside.  (See *W. A. Rose, supra*, 176 Cal.App.2d at p. 72.)  This is no less true when the defendant against whom the court has entered default attempts to file papers or otherwise participate in the litigation under a fictitious name or alias.  (See *ibid.* ["filings by appellant . . . did not affect the duty of the clerk to enter default when requested, nor did they restore the jurisdiction to the court which was lost when default should have been entered"].)  Nor can we imply that the court set aside the defaults during the October 2022 proceeding, because the court expressly *declined* two requests to set aside the defaults after that proceeding.  Sections 580 and 585 regarding default judgments therefore apply to the judgment against Girgis and Basta, and we treat the October 10, 2022 proceeding as the default prove-up hearing that section 585, subdivision (c) requires.

We agree with Girgis and Basta that the judgment improperly awarded damages and other monetary relief in excess of what is recoverable via a default judgment.  Although the complaint sought " ' "in excess of" ' " $75,000, courts treat a request for damages " ' "in excess of" ' " a specific amount as requesting only that specific amount.  (See, e.g., *Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc.* (2018) 23 Cal.App.5th 1013, 1018-1019 (*Airs Aromatics*) [collecting and discussing cases to this effect].)

Paragon did not file a section 425.115 statement of punitive damages, nor did it include attorney fees in its request for entry of default. Thus, under section 580, the default judgment against Girgis and Basta may award a maximum of $75,000 in monetary relief, no portion of which may be punitive damages or attorney fees. (See § 580, subd. (a); *Greenup, supra,* 42 Cal.3d at p. 824 & *Garcia, supra,* 192 Cal.App.4th at p. 1480.) The court's finding that Basta and Girgis were aware of the lawsuit and chose not to participate at trial does not require a different result. (See *In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1166, italics added.)

Accordingly, the court exceeded its jurisdiction when it awarded Paragon, as against Girgis and/or Basta, any monetary relief beyond the $75,000 specified in the complaint (with postjudgment interest, as set forth in the judgment).

Because we so conclude, we need not reach the remaining arguments the parties raise on appeal. We are granting Basta the exact relief he requests. Girgis, by contrast, asks that we vacate the entire judgment, because the court lacked jurisdiction to hold a trial on the merits, yet purported to do so, rendering the court proceeding and the resulting judgment void. But courts faced with default judgments awarding an amount in excess of that properly noticed through the complaint and/or section 425.115 statement routinely amend the judgment, rather than vacate it. (See *Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 492-494 [award reduced from $26,457.50 to $20,000 where complaint sought damages "in excess of $20,000" or "according to proof"]; see, e.g.*, Airs Aromatics, supra,* 23 Cal.App.5th at p. 1019 [complaint alleging damages in excess of $25,000 limited to a default judgment of $25,000]; *Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1172-1173 [award reduced from $8,040,272.19 to $50,000 where complaint sought damages "in excess of $50,000"].) Further, our disposition of the appeals from the judgment renders the challenges to the postjudgment orders moot. Finally, Paragon

13

argues we should sanction Basta and Girgis for filing frivolous appeals aimed at delay. Given our resolution of the appeals, we disagree that sanctions are warranted and decline to award any.

## C. Relief Awarded Against Individuals and Entities Not Named In and/or Served with the Complaint[8]

The judgment purports to be one against not only Girgis and Basta, but Poker Pendants, Smoking Keychains, Blake Elliott, Laura Washington, and these individuals and entities "doing business as" several other names.

Poker Pendants and Smoking Keychains are named defendants in the complaint, described as "entit[ies] of unknown origin and form." The publication serving Girgis and Basta also identified Poker Pendants and Smoking Keychains as defendants in the action. But the court never authorized Paragon to serve Smoking Keychains and Poker Pendants by publication, and such an order is necessary for service by publication to be proper. (See § 415.50.) Thus, to the extent Smoking Keychains and Poker Pendants are independent legal entities, Paragon never properly served them, and the judgment as against them is void for lack of proper service. To the extent these entities are mere fictitious business names used by Girgis and Basta, they are not capable of being sued in addition to Girgis and Basta, and the judgment is void against them on that basis. (See *Pinkerton's, Inc. v. Superior Court* (1996) 49 Cal.App.4th 1342, 1348; *id.* at p. 1349 ["[t]he trial court incorrectly concluded two separate appearances had to be made, one by the corporation in its true legal name and one by the corporation under its fictitious name, and was wrong when it found an action

---

[8] Although the parties did not raise this issue in their initial briefing, we requested that they address it at the hearing. We also accepted a letter brief from Girgis with supplemental authority in response to our request.

14

could proceed against a fictitious business name" separately from the legal entity].)[9]

Laura Washington and Blake Elliott are neither named defendants in, nor were they served with, the complaint. Accordingly, the court may not enter a judgment—default or otherwise—against them in this action. (See *Fazzi v. Peters* (1968) 68 Cal.2d 590, 594.) To the extent the judgment purports to impose liability on Elliott and Washington, it is void. (See *ibid.*; *Nissan, supra*, 4 Cal.App.3d at p. 81 ["[i]t is . . . well settled that a judgment may not be entered in favor of or against a person who is not made a party to the action [citations], and any judgment entered against him is void"].)

---

[9] Although it is possible to serve and secure a judgment against a fictitious name under certain circumstances, Paragon does not argue that these circumstances are present or that it has satisfied the requirements for such an approach. (See § 474 [procedures for properly suing and serving fictitious business names]; see *Nissan v. Barton* (1970) 4 Cal.App.3d 76, 81 (*Nissan*) ["[a] person properly named and sued as a fictitious defendant is bound by the judgment in an action only if jurisdiction over his person is obtained by service of process [citation]; if he is not served with legal process a judgment obtained against him is void"].)

For the same reasons, the permanent injunction attached to the judgment is void to the extent it purports to bind individuals not properly served with and/or named in the complaint—that is, Blake Elliott, Laura Washington, Smoking Keychains, and Poker Pendants. For the sake of clarity, we note that our holding and disposition in no way impedes the enforcement of the permanent injunction as against Girgis and Basta, acting either under their own name or using an alias or fictious business name.[10]

---

[10] Neither Basta nor Girgis challenges the injunctive relief requested in the complaint and granted against them in the judgment. Nor is injunctive relief categorically unavailable via a default judgment. (See, e.g., *Hassell v. Bird* (2018) 5 Cal.5th 522, 542 [plaintiffs obtained a default judgment and an injunction]; *Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 382 [trial court entered a default judgment awarding damages and injunctive relief].)

## DISPOSITION

The judgment is vacated. Following remand, the court shall enter a new judgment, identified as a default judgment, against Basta and Girgis only, severally and jointly, awarding $75,000 in compensatory damages, plus postjudgment interest. The judgment shall not award attorney fees or costs, nor any further monetary relief. The court shall award the same injunctive relief as that awarded in the original judgment, except to the extent that it purports to restrict the conduct of any individuals or entities not named in and/or properly served with the complaint, including specifically "Blake Elliott, an individual," "Laura Washington, an individual," "Poker Pendants" and "Smoking Keychains." The court may, consistent with this opinion, include language in the injunction restraining the conduct of Girgis and Basta acting under aliases or fictious business names, and may choose to specifically identify monikers Girgis and Basta may use for this purpose.

The appeals from the postjudgment orders are dismissed as moot.

The parties shall bear their own costs on appeal.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:


BENDIX, J.


M. KIM, J.

17