[No. B224453. Second Dist., Div. Four. Feb. 25, 2011.]

ALFREDO GARCIA, Plaintiff and Appellant, v.
SOFIA POLITIS, as Trustee, etc., Defendant and Respondent.

COUNSEL

Morse Mehrban for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

OPINION

**WILLHITE, J.**—This case presents the question: Is a plaintiff who obtains a default judgment by written declaration entitled to seek statutory attorney fees by means of a postjudgment motion? We conclude the answer to this question is "No." A plaintiff electing to proceed by way of a default judgment may recover statutory attorney fees only if a request for those fees is included in

the request for default judgment. Accordingly, we affirm the trial court's denial of plaintiff Alfredo Garcia's postjudgment motion for attorney fees.

## BACKGROUND

Garcia filed a two-page complaint against defendant Sofia Politis as trustee of the Dimitrios and Sofia Politis Trust (defendant) alleging a violation of Civil Code sections 51, 54, and 54.1 based upon defendant's alleged failure to provide a designated van-accessible handicap parking spot in a parking lot defendant owned. In the prayer for relief, Garcia sought "$4,000 in damages, permanent injunctive relief, attorney's fees and costs, and all other relief that the Court may deem proper." A default judgment was entered in favor of Garcia against defendant, awarding Garcia $4,000 in damages and $385 in costs, and ordering defendant to designate a van-accessible handicap parking spot in the parking lot.

The record on appeal does not include the request for entry of default or the request for default judgment. The form judgment, however, indicates that the court entered judgment under Code of Civil Procedure section 585, subdivision (d), based upon Garcia's written declaration. The form judgment (Judicial Council form JUD-100) also includes a box to be used to indicate the amounts to be awarded. The box provides space for five kinds of awards: (1) damages; (2) prejudgment interest; (3) attorney fees; (4) costs; and (5) other. Only the damages and costs spaces were marked.

Two months after the default judgment was entered, Garcia filed a noticed motion requesting $4,302.50 in attorney fees under Civil Code sections 52, subdivision (a), 54.3, subdivision (a), and 55. The trial court denied the motion, finding that Garcia failed to submit a request for attorney fees at the time he filed his request for default, as required under California Rules of Court, rule 3.1800.[1] Garcia timely filed a notice of appeal from the order denying his motion.

## DISCUSSION

Garcia argues the trial court erred by denying his motion because he was entitled to seek statutory attorney fees by noticed motion under Code of Civil Procedure section 1033.5 (section 1033.5), and was not required to request attorney fees before entry of the default judgment. In making this argument, Garcia focuses solely on section 1033.5 (the statute governing items allowable as costs) and a portion of the Rules of Court governing attorney fee awards generally.

---

[1] The court also found that, had Garcia's postjudgment motion for attorney fees been allowed, Garcia would have been entitled to $330 as reasonable attorney fees.

He notes that section 1033.5 provides that attorney fees are allowable as costs when authorized by statute (§ 1033.5, subd. (a)(10)(B)), and that those fees "may be fixed as follows: (A) upon a noticed motion, (B) at the time a statement of decision is rendered, (C) upon application supported by affidavit made concurrently with a claim for other costs, or (D) upon entry of default judgment" (§ 1033.5, subd. (c)(5)). He argues that the use of the word "may" in the statutory provision for fixing the amount of attorney fees gives the prevailing party the power to choose among the various options in any case in which attorney fees are sought. And he contends that, if the prevailing party chooses the first option—a noticed motion—rule 3.1702(b) of the California Rules of Court provides that the prevailing party may bring that noticed motion after judgment has been rendered, as long as it is served and filed within the time for filing a notice of appeal.[2]

But in making this argument, Garcia ignores the statute and rule governing the procedure for entry of default judgments—Code of Civil Procedure section 585 (section 585) and California Rules of Court, rule 3.1800 (rule 3.1800).

■ Subdivision (a) of section 585 sets forth the procedure for entry of a default judgment in an action "arising upon contract or judgment for the recovery of money or damages only." It provides that, upon written application by the plaintiff, the clerk must enter the default of the defendant and immediately "enter judgment for the principal amount demanded in the complaint, . . . together with interest allowed by law or in accordance with the terms of the contract, and the costs against the defendant." (Code Civ. Proc., § 585, subd. (a).) The clerk may include attorney fees in the judgment if a schedule of attorney fees has been adopted by rule of court and the contract provides for attorney fees or the action is one in which the plaintiff is entitled by statute to recover attorney fees. If the plaintiff is entitled to recover attorney fees but no schedule of attorney fees has been adopted by rule of court, the plaintiff is required to "file a written request at the time of application for entry of the default of the defendant or defendants, to have attorneys' fees fixed by the court," and the court will then hear the application and render judgment. (*Ibid.*)

Actions that do not arise upon contract or judgment for the recovery of money or damages only are governed by subdivision (b) of section 585. That subdivision provides that the clerk must enter the default of the defendant upon written application of the plaintiff, and that "[t]he plaintiff thereafter may apply to the court *for the relief demanded in the complaint*. The court

---

[2] We note that subdivision (a) of the rule Garcia relies upon states that the rule applies in civil cases to claims for attorney fees authorized by statute or contract, "[e]xcept as otherwise provided by statute." (Cal. Rules of Court, rule 3.1702(a).)

shall hear the evidence offered by the plaintiff, and shall render judgment in the plaintiff's favor for that relief . . . ." (Code Civ. Proc., § 585, subd. (b), italics added.)

■ What these two subdivisions make clear is that a party seeking entry of a default judgment must apply for *all* of the relief sought—including attorney fees—when application is made for entry of default. This mandate is reflected in rule 3.1800. Rule 3.1800 sets forth the requirements when a party (such as Garcia in this case) seeks a default judgment on declarations, as permitted under section 585, subdivision (d). The rule provides that the party must use the mandatory form request for entry of default (application to enter default) (form CIV-100), and must include several items "in the documents filed with the clerk." (Rule 3.1800(a).) One of those required items is "[a] request for attorney fees if allowed by statute or by the agreement of the parties." (Rule 3.1800(a)(9).)

■ When the language in section 1033.5, subdivision (c)(5), setting forth the four ways in which statutory attorney fees allowable as costs "may" be fixed is read in conjunction with the mandate in section 585 and rule 3.1800 that any request for attorney fees with regard to a default judgment *must* be made with the request to enter default, it is apparent that the Legislature's use of the term "may" in section 1033.5 was not intended to imply that the four options listed were available, at the prevailing party's election, regardless of the circumstances of the case. Indeed, interpreting section 1033.5 in the manner asserted by Garcia—allowing a party to obtain a default judgment and subsequently seek attorney fees by noticed motion—makes little sense.

The default judgment procedure is "designed to clear the court's calendar and files of those cases which have no adversarial quality." (*Jones v. Interstate Recovery Service* (1984) 160 Cal.App.3d 925, 928 [206 Cal.Rptr. 924].) Entry of a defendant's default terminates that defendant's rights to participate in the litigation (*Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc.* (1984) 155 Cal.App.3d 381, 385 [202 Cal.Rptr. 204]), and the case ends when default judgment is entered (*Jones v. Interstate Recovery Service, supra*, 160 Cal.App.3d at p. 928). Thus, it would be absurd to read section 1033.5 as allowing a party to seek attorney fees by noticed motion after default judgment has been entered, because a case in which a defendant's default has been taken necessarily has no adversarial quality and the defaulted defendant would have no right to participate in the motion.[3]

---

[3] Garcia's reliance on *David S. Karton, A Law Corp. v. Dougherty* (2009) 171 Cal.App.4th 133 [89 Cal.Rptr.3d 506] (*Karton*), in support of his assertion that a defaulted defendant has a right to oppose the plaintiff's motion for attorney fees, is misplaced. The requests for attorney fees at issue in that case involved fees incurred in enforcing the default judgment, rather than prejudgment attorney fees. (*Id.* at pp. 135–136.) The appellate court distinguished between

■ In short, a default judgment is intended to include all relief sought in the complaint and established by the plaintiff. Therefore, a plaintiff seeking an award of attorney fees from a defaulting defendant must request those fees at the time the plaintiff requests entry of default.

## DISPOSITION

The order denying Garcia's postjudgment motion for attorney fees is affirmed. No costs on appeal are awarded.

Epstein, P. J., and Manella, J., concurred.

---

prejudgment costs sought under California Rules of Court, rules 3.1700 and 3.1800 and postjudgment enforcement costs sought under Code of Civil Procedure section 685.070 (section 685.070) (*Karton*, at p. 146, fn. 9), and concluded that a default judgment debtor, like any other judgment debtor, is entitled to notice of a memorandum of postjudgment enforcement costs filed under section 685.070, and is entitled to file a motion to tax those costs (*Karton*, at p. 147). Because the present case involves prejudgment attorney fees, rather than postjudgment enforcement costs, *Karton* has no bearing on this case.