Filed 12/29/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MARTHA VINCENT,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>REPRUDENTIA SONKEY et al.,<br><br>  Defendants and Respondents. | 2d Civ. No. B293251<br>(Super. Ct. No. 56-2017-00494659-CU-OR-VTA)<br>(Ventura County) |

When a plaintiff requests entry of judgment by default, a request for attorney fees must be made at the same time or the fees are forfeited. (*Garcia v. Politis* (2011) 192 Cal.App.4th 1474, 1479.) But attorney fees are not forfeited absent such request when defendant contests a default judgment.

Plaintiff Martha Vincent appeals an order denying her motion for attorney fees in her lawsuit against defendants Reprudentia Sonkey and Whitenicious, Inc. (collectively "Sonkey"). We conclude, among other things, that Vincent was not entitled to attorney fees incurred for the period before she obtained the default judgment against the defendants because

she did not include a request for fees at the time the default judgment was entered. But the trial court erred by denying attorney fees for Vincent's successful post-judgment efforts to respond to and defeat Sonkey's motions to vacate the default judgment. We reverse and remand.

## FACTS

Vincent filed and served a summons and complaint for her breach of contract lawsuit against Sonkey. She alleged "Sonkey and Whitenicious are alter egos of one another." Sonkey breached the contract (a written lease) by, among other things, failing to pay rent. The lease contained an attorney fee provision for the prevailing party.

Sonkey did not file an answer to the complaint. Vincent obtained a default judgment in her favor for $123,463. Vincent did not request attorney fees.

Sonkey filed a motion to set aside the default judgment. The motion was based on facts Sonkey stated in an attached declaration. She claimed, among other things, that there was a "lack of actual notice in time to defend the action." (Emphasis deleted.) Vincent filed an opposition to the motion.

The trial court granted Sonkey's motion. On May 3, 2018, she filed an answer to the complaint.

Vincent filed a motion for reconsideration of the trial court's decision to set aside the default judgment. Sonkey filed an opposition.

On July 7, 2018, the trial court granted Vincent's motion for reconsideration. The court found Vincent had presented new evidence that called into question facts stated in Reprudentia Sonkey's declaration. It said, "Upon reconsideration, the court *strikes Ms. Sonkey's declaration based on her lack of*

2.

*veracity . . . .*" (Italics added.)  The court reinstated the default judgment and struck Sonkey's answer.

On July 20, 2018, Sonkey filed a motion for reconsideration of the trial court's July 7th order.  She claimed there were "new or different facts and circumstances" that required the default judgment to be vacated.

In August 2018, Vincent filed an opposition to Sonkey's motion.

The trial court denied Sonkey's motion for reconsideration.  It said, "The Court lacks jurisdiction to grant the motion because Defendants fail to present any new or different facts, circumstances, or law, and a satisfactory explanation for the failure . . . to produce that evidence at an earlier time, as required in support of a motion for reconsideration."

*Vincent's Attorney Fee Motion*

On August 20, 2018, Vincent filed an attorney fee motion seeking "legal fees of a least $40,000."  She noted that the lease which formed the basis for this lawsuit had an attorney fee provision for the prevailing party.  It provided, in relevant part, "In any action or proceeding arising out of this Agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney fees . . . ."  Vincent contended that because she had prevailed, she was entitled to attorney fees under Civil Code section 1717.[1]  She said her attorney fees were necessarily "incurred largely to defend the relentless defense efforts to undue a legitimate default judgment."

Sonkey filed an opposition claiming that "attorney fees under section 1717 must be reasonable" and that Vincent "has

_____

[1] All statutory references are to the Civil Code.

3.

not established the reasonableness of the fees requested."
(Emphasis deleted.)

The trial court denied the motion for attorney fees. Relying on *Garcia v. Politis, supra,* 192 Cal.App.4th at page 1479, it said, "[A] party seeking entry of a default judgment must apply for *all* of the relief sought–including attorney fees–when application is made for entry of default." The court noted that Vincent had not sought attorney fees when she filed for a default judgment. It ruled that omission barred her attempt to obtain compensation for any post-default judgment attorney fees incurred in defending the judgment in response to Sonkey's motions.

DISCUSSION

*The Right to Post-Default Judgment Attorney Fees*

Vincent contends the trial court erred by denying her claim for post-default judgment attorney fees. She contends that given the facts of this case, "fees incurred to defend a default judgment from multiple attacks in the trial court" are not barred simply because "the default judgment did not include an award of fees." We agree.

In *Garcia v. Politis, supra,* 192 Cal.App.4th at page 1480, the court said, "[A] plaintiff seeking an award of attorney fees from a defaulting defendant must request those fees at the time the plaintiff requests entry of default." This rule is based on a principle of fairness for the defaulting defendant. A post-default motion for fees would be unfair "because a case in which a defendant's default has been taken necessarily *has no adversarial quality* and the defaulted defendant *would have no right to participate in the motion.*" (*Id.* at p. 1479, italics added.) This is a proper rule for a default case.

4.

But the case here is different.  When the trial court granted Sonkey's motion to vacate the default, this case became a contested adversarial proceeding.  Sonkey filed an answer, became a party, and initiated litigation to which Vincent had to respond.  Vincent incurred attorney fees to protect her judgment.

To preclude Vincent from obtaining post-default judgment attorney fees would punish her for prevailing in a contested case.  It would unfairly reward a defendant who made an unmeritorious attack on a valid judgment and force Vincent to incur all the expense to defend that judgment.

Relying on *Garcia v. Politis*, the trial court ruled Vincent forfeited the right to post-judgment attorney fees by not seeking fees at the time of the default judgment.  But *Garcia v. Politis* involved forfeiture in the context of a default proceeding.  It did not involve a fully contested post-judgment case.  There is no statutory authority to impose a forfeiture here.  "Forfeitures are not favored in the law." (*Cuevas v. Superior Court* (2013) 221 Cal.App.4th 1312, 1327.)  The forfeiture here barred Vincent from her statutory right under section 1717 to seek attorney fees for ultimately prevailing post-default judgment on her contract cause of action.  (§ 1717; *Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515, 523; *Jones v. Drain* (1983) 149 Cal.App.3d 484, 486 [party who prevails on a breach of contract action is entitled to attorney fees based on an attorney fee provision in the contract].)

Vincent could have reasonably decided to forfeit attorney fees for the small amount of time it took her attorney to file the complaint and take a default.  But at the time of the default judgment, she could not have predicted that the defaulting defendant would set aside the judgment and become a party post-

5.

judgment. Under such circumstances, Vincent did not forfeit fees.

The trial court correctly ruled that Vincent could not seek attorney fees for the period leading up to the entry of the default judgment. But it erred by trying to extend the *Garcia v. Politis* rule to bar fees incurred to defend the judgment after the default judgment was entered.

## DISPOSITION

The order is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion. Costs on appeal are awarded to appellant.

<u>CERTIFIED FOR PUBLICATION.</u>

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

6.

Kent M. Kellegrew, Judge

Superior Court County of Ventura

_____

      Barry E. Cohen, A Professional Corporation, Barry E. Cohen for Plaintiff and Appellant.
      No appearance for Defendants and Respondents.